Tilghman C. J.
(After stating the case.) I am at a loss to find any ground on which the first exception can be supported. If the surviving partner knew, that the administrators were collecting the debts and did not forbid them, or demand the possession of the books, they might fairly be considered as his agents: but even if the_ collection were made without his knowledge or implied approbation, the most that he could ask would be, that the defendants should answer for all debts that had been lost in consequence of their interference. The bill of exceptions does not state the particulars of the evidence, but from the charge of the Court it would seem, that the defendants had not acted perversely, but igno *496 rantly, which would preclude, all claim on the part of the plaintiff to vindictive or extraordinary damages. I am, therefore, of opinion, that there is no error in the charge of the Court.
There is on the record, another bill-of exceptions to the Court’s opinion. [Here the Chief Justice stated the facts.] The Court were of opinion, that parol evidence was not admissible, because notice to produce the book had not been given. We have an act of assembly authorising the Court On motion and sufficient cause shewn, to require either party to produce books or papers in his possession, which contain evidence pertinent to the issue; and if the party refusing to comply with the Court’s order, shall be the plaintiff, judgment may be entered for the defendant, as in cases of non-suit: but if defendant, judgment may be entered against him by default, as far as relates to that part of the demand, or defence, to which the books or papers are alleged to apply. This act of assembly does not take away the common law principle by which parol evidence is admitted against the party who refuses to produce books and papers in his possession after reasonable notice. It is convenient, and indeed necessary, that the remedies by this act and by the common law should be considered as concurrent. , This is shewn in the present case : where the common law principle would be efficacious, but the act of assembly would give no adequate relief: because there is no particular sum of money demanded by the plaintiff, to which the book applies, and for which judgment could be entered, in case the Court had made an order with: whiGh:jthe defendants had refused to comply. The common law rule is, that parol evidence shall not be received without reasonable notice to produce the paper. But. the plaintiff contends, that his case forms an exception to the rule, because from the very nature of his action, notice to produce the books may be implied; and for this he relies on the case of The Commonwealth v. Messinger, (1 Binn. 273.) in which it was decided by this Court, that on an indictment for stealing a bill obligatory, parol evidence to prove the contents of the bill is admissible, without notice to produce.it. The most that can be inferred from that case is, that where the writing, to prove the contents of which parol evidence is offered, is itself the immediate subject of the action, (as in trover, replevin, or detinue,) the evidence is ad *497 missible. It is not enough, that the paper is referred to in the declaration. If it were, parol evidence might be received, without notice, in the case of a libel proved to have been in the possession of the defendant. But in such case the , , , , r ,1-rule is strictly adhered to. In the case before us, the plaintiff complains, that Jones, (the intestate,) did not keep fair books. It seems he kept several books, and several were produced at the trial. But one was not produced, which the defendant swears he did not know would be wanted. It was easy for the plaintiff to give notice. And as there is a rule on the subject, it will be more conducive to certainty on triáis to adhere to the-rule than to be astute in making distinctions for the purpose of evading it. The burden of proof in this ca$e lay upon the defendants. It was for them to shew, that fair books had been kept by their intestate, They might suppose,, that this could be done without producing all the books : and ft seems they did think so : for they went to trial without the one in question. If they failed in their proof they were liable to damages. I do not think that this is, a case, which, on any principle heretofore established^ forms an exception to the general rule. The parol evidence, therefore, was properly rejected.
My opinion is, that the judgment should be affirmed.
Ye ates J, was sick and absent.
Gibson J. concurred.
Judgment affirmed.